SEE, Justice
(dissenting).
The defendant Kmart Corporation appeals from the trial court’s judgment entered on a jury verdict awarding the plaintiff, John C. West, Jr., $63,000 in compensatory damages and $250,000 in punitive damages. This Court affirms the trial court’s judgment, without an opinion. I dissent because, reviewing the punitive-damages award by the strict state-law reasonableness standard, see Life Ins. Co. of Georgia v. Johnson, 701 So.2d 524, 535 (Ala.1997) (See, J., concurring in part and dissenting in part), I conclude that a punitive-damages award of $189,000 would be reasonable in this case, and I would, therefore, affirm the trial court’s judgment conditioned on West’s filing a remit-titur of $61,000 in punitive damages.
This is a “slip-and-fall” case. On the morning of April 23, 1995, West, who was then 72 years old, went to buy shrubbery at a store operated by Kmart on North Memorial Parkway in Huntsville. As he walked along the store’s outdoor garden department, an area along a concrete sidewalk in the front of the store, he stepped on hibiscus blooms that were on the sidewalk. He slipped and fell, striking the concrete. West fractured his right femur in several places and also fractured his *1189 right kneecap. West incurred medical expenses totaling more than $20,000 for treatment of his injuries, and his injuries are permanent and partially disabling.
West sued Kmart, alleging negligence and wantonness. The jury found in favor of West, awarding him compensatory damages of $63,000 and punitive damages of $250,000; the trial court entered a judgment on the jury’s verdict. Kmart moved for a new trial, a judgment notwithstanding the verdict,[1] or a remittitur. After conducting a hearing, the court denied Kmart’s motions. This appeal followed.
West presented substantial evidence indicating that Kmart placed the shrubs on the sidewalk; that it knew that hibiscus blooms are very slippery and that if they fell from the plants and were left on the ground, then customers would likely slip on them and fall; that Kmart did not, before West fell, inspect or clean the area where he fell; that Kmart did not warn customers of the danger posed by the hibiscus blooms; and that the hibiscus blooms were allowed to lie on the sidewalk for several hours before West fell. Thus, I agree that the trial court properly denied Kmart’s motion for a judgment as a matter of law and properly submitted West’s claims to the jury. However, I believe the trial court erred in denying Kmart’s motion for a remittitur of the punitive-damages award, because the ratio of punitive damages to compensatory damages exceeds the three-to-one benchmark, see BMW of North America, Inc. v. Gore, 701 So.2d 507, 521-22 (Ala.1997) (Houston, J, concurring in the result), and the record made by the plaintiff does not demonstrate that the particular facts of this case are especially egregious.
In my special writing in Johnson, I stated that in reviewing a punitive-damages award I would apply the strict state-law reasonableness standard and an exacting review to each of the factors established in Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989), including the reinvigorated protective factors. 701 So.2d at 540 (See, J., concurring in part and dissenting in part).
1. Ratio of Punitive Damages to Compensatory Damages — The jury awarded $250,000 in punitive damages and $63,000 in compensatory damages. This punitive-damages award exceeds the three-to-one benchmark. Accordingly, the record must demonstrate clear and specific justification.
2. Reprehensibility — Although Kmart’s omissions endangered the physical health or safety of West and other customers, its conduct was not so egregious as to justify a punitive-damages award greater than three times the compensatory-damages award. The record contains no evidence of prior accidents involving the same or substantially similar conditions, no evidence of prior actions against Kmart based on similar conduct, and no evidence that Kmart had repeatedly engaged in such conduct after having incurred civil or criminal punishment for it. The record does contain evidence indicating that Kmart does not have a written accident-prevention policy and that it had done nothing to prevent an accident like the one West suffered, such as posting warning signs or sweeping the area. However, the evidence also indicates that Kmart does have an unwritten policy of frequently inspecting its store and keeping customer pathways free of objects. Thus, while substantial evidence supports a finding of wantonness, a finding necessary to support an award of punitive damages, the evidence does not clearly and specifically demonstrate that Kmart’s conduct was so reprehensible that it justifies an award of punitive damages exceeding the three-to-one benchmark.
3. Similar Civil and Criminal Sanctions — The record contains no evidence of any other civil or criminal sanctions actually imposed upon Kmart for similar conduct or appropriate to Kmart’s conduct. Therefore, this factor supports a reduction of the punitive-damages.
*1190 4. Profitability of Conduct — No evidence in the record indicates how much, if any, Kmart profited its failure to pick up the fallen hibiscus leaves — or even how much Kmart profited from the sale of plants and flowers — at the outdoor garden display at the store where West slipped and fell. Thus, we have no reason to believe that a punitive-damages award of $189,000 would be insufficient to remove any financial benefit Kmart may have enjoyed as a result of its conduct.
5. Financial Position of the Defendant — No evidence in the record indicates Kmart’s financial position or how much it has earned from selling plants and flowers at its garden department. Thus, there is no reason in the record to believe that a punitive-damages award of $189,000 would be insufficient to punish Kmart.
6. Costs of Litigation — West’s counsel tried the case to a jury and handled the direct appeal. A punitive-damages award of $189,000 should be sufficient.
Accordingly, I conclude that a punitive-damages award in excess of three times the compensatory-damages award has not been justified in this case. Therefore, I dissent from this Court’s affirmance of the trial court’s judgment.
MADDOX, J., concurs.

. Rule 50, Ala. R. Civ. P., has been amended to rename the motion for a judgment notwithstanding the verdict as a renewed motion for a judgment as a matter of law.